1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| YASIR MEHMOOD,<br><br>              Petitioner,<br><br>      v.<br><br>HOLLOWS, et. al.,<br><br>              Respondents. | Case No.  1:15-cv-01476-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

17

18

Petitioner is a federal detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondents have not appeared in this action. [1]

19

**I.**

20

**BACKGROUIND**

21

22

Petitioner is presently subjected to the continued prosecution of three counts of bank fraud, identity theft, and other related charges in the Sacramento Division of the Eastern District of California.  See United States v. Mehmood, Case No. 2:12-cr-00154-JAM at ECF No. 279. Currently, an evidentiary hearing on Petitioner's suppression motion is set for November 10,

23

24

25

26

27

28

---

[1] Petitioner names "Judge Hollows, Judge Delaney, Judge England, and the United States" as Respondents in this matter. The proper respondent is the officer having custody of a petitioner, which is generally the warden of the institution where a petitioner is being held.  See Rule 2 (a) of the Rules Governing § 2254 Cases; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  However, because the Court determines that the petition must be dismissed without prejudice, it is not necessary to require Petitioner to amend the petition to name the proper respondent.

1

1    2015.  Id. at ECF No. 341.  In Petitioner's pending criminal case, Magistrate Judge Gregory G.

2    Hollows ordered that the Petitioner be released and set conditions of release on April 16, 2012.

3    See United States v. Mehmood, Case No. 2:12-cr-00154-JAM at ECF Nos. 10-15.  A pretrial

4    release violation petition was signed and an arrest warrant was issued by Magistrate Judge

5    Carolyn K. Delaney on March 1, 2013.  Id. at ECF Nos. 34-35.  On March 11, 2013, Magistrate

6    Judge Allison Claire conducted a hearing pursuant to 18 U.S.C. § 3148(b) on the United States'

7    motion for revocation of the previous order for release and ordered Petitioner to be detained

8    without bond under the federal bail statute, 18 U.S.C. § 3142.  Id. at ECF Nos. 38-39.

9         On December 27, 2013, Petitioner filed a motion to vacate forfeiture of bail.  Id. at ECF

10   143.  On August 18, 2014, Petitioner filed a motion to quash the conditions of release and a

11   motion to dismiss pretrial services officer's petition filed on 3/1/13.  Id. at ECF Nos. 253, 254.

12   On August 22, 2014, Petitioner filed a motion to quash the arrest warrant executed on 3/9/13.

13   See United States v. Mehmood, Case No. 2:12-cr-00154-JAM at ECF No. 258.  On September 8,

14   2014, Petitioner filed a motion to nullify, quash, and undo the official acts of Judge Delaney on

15   3/1/13, and a motion to nullify, quash, and undo the official acts of Judge Delaney on 3/7/13,

16   3/21/13, and 2/13/14.  Id. at ECF Nos. 263, 264.  On September 12, 2014, the court ordered that

17   no further motions be filed in Petitioner's criminal case until further notice from the court.

18   United States v. Mehmood, Case No. 2:12-cr-00154-JAM at ECF No. 270.

19        On February 3, 2015, District Judge John A. Mendez denied Petitioner's motion to vacate

20   forfeiture of bail, motion to quash the conditions of release, motion to dismiss pretrial services

21   officer's petition filed on 3/1/13, motion to quash the arrest warrant executed on 3/9/13, motion

22   to nullify, quash, and undo the official acts of Judge Delaney on 3/1/13, and motion to nullify,

23   quash, and undo the official acts of Judge Delaney on 3/7/13, 3/21/13, and 2/13/14.  Id. at ECF

24   No. 296.  On February 6, 2015, Petitioner was granted advisory counsel in his criminal case.  Id.

25   at ECF No. 299.  On February 17, 2015, Petitioner filed a notice of interlocutory appeal to the

26   Ninth Circuit for the Court's February 3, 2015 order.  Id. at ECF No. 302.  On June 8, 2015, the

27   Ninth Circuit dismissed Petitioner's interlocutory appeal.  Id. at ECF No. 321.  On June 24,

28   2015, Petitioner field a supplemental motion to re-open the detention issue and to release him,

1   but that motion was stricken pursuant to the court's September 12, 2014 order directing that both

2   parties should file no further motions until further notice.  United States v. Mehmood, Case No.

3   2:12-cr-00154-JAM at ECF No. 338.

## II.

## DISCUSSION

6       Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas petition

7   brought by a federal pretrial detainee.  However, although Section 2241 establishes jurisdiction

8   in the federal courts to consider pretrial habeas petitions, the courts should abstain from the

9   exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on

10  the merits or other procedures available to the petitioner in the pending criminal case.  See, Fay

11  v. Noia, 372 U.S. 391, 417-20 (1963); Jones v. Perkins, 245 U.S. 390, 391-92 (1918); Riggins v.

12  United States, 199 U.S. 547, 550-51 (1905).  Also, unless there are exceptional circumstances,

13  Section 2241 relief is only available if all other judicial remedies have been exhausted.  Jones,

14  245 U.S. at 391-92.

15      Some courts have harshly criticized and some have even found it inappropriate when

16  petitioners bring a Section 2241 petition challenging federal pretrial detention.  See Fassler v.

17  United States, 858 F.2d 1016, 1018-1019 (5th Cir. 1988) (per curiam) (noting that a habeas

18  petitioner challenging the constitutionality of a pretrial detention order could have pursued that

19  issue in an appeal pursuant to 18 U.S.C. § 3145); United States v. Pipito, 861 F.2d 1006, 1009

20  (7th Cir. 1987) (noting that it was not error for the district court to not entertain a habeas petition

21  when petitioner should have followed 18 U.S.C. § 3145); Whitmer v. Levi, 276 Fed.Appx. 217,

22  219 (3rd Cir. 2008) (per curiam) (holding that petitioner challenging his pretrial detention did not

23  seek an appropriate remedy when he filed a habeas petition because adequate remedies were

24  available in his criminal case).

25      In the instant petition, Petitioner argues that the district court lacked jurisdiction to forfeit

26  the appearance bond and that he should not have been arrested for violating the conditions of

27  release. Therefore, Petitioner is challenging his continued prosecution.

28      The Bail Reform Act of 1984 provides that any "judicial officer" may order the detention

3

1   or release of a defendant pending trial. <u>See</u> 18 U.S.C. § 3142.  Section 3145, Title 18 of the

2   United States Code contains procedures for the review and appeal of such orders. Section

3   3145(a) of the Act provides that if a magistrate judge orders a defendant released, the

4   Government may file a motion for revocation of the order with "the court having original

5   jurisdiction over the offense." Section 3145(b) of the Act provides, in the same language as

6   Section 3145(a), that if a magistrate judge orders a defendant detained, the defendant may then

7   file a motion for revocation of the order with "the court having original jurisdiction over the

8   offense."   Appeals from Section 3145 detention orders are "governed by the provisions of

9   section 1291 of title 28," which states that "[t]he courts of appeals ... shall have jurisdiction of

10  appeals from all final decisions of the district courts of the United States." 18 U.S.C. § 3145(c);

11  28 U.S.C. § 1291.

12       In Petitioner's pending criminal case in Sacramento, Magistrate Judge Claire ordered

13  Petitioner to be detained pretrial under 18 U.S.C. § 3142(i)(2)-(4).  <u>United States v. Mehmood</u>,

14  Case No. 2:12-cr-00154-JAM at ECF Nos. 38-39.  The court docket in Petitioner's pending

15  criminal case reflects that he has not filed a motion for revocation of Magistrate Judge Claire's

16  detention order before the assigned District Judge.   Petitioner could have challenged his

17  detention order before the assigned district judge in his criminal case, and then if the district

18  judge entered a detention order, Petitioner could have appealed that order to the Ninth Circuit.

19  <u>See</u> 28 U.S.C. § 3145(a), (b), (c).  Instead, Petitioner has filed this writ of habeas corpus, which

20  is an attempt to circumvent the traditional remedies available to Petitioner.  Therefore, Petitioner

21  had an available remedy in his pending criminal case, but he chose not to avail himself of it.  The

22  Court also notes that Petitioner has filed multiple other motions in his pending criminal case

23  pertaining to his pretrial detention.  <u>See</u> <u>United States v. Mehmood</u>, Case No. 2:12-cr-00154-

24  JAM at ECF Nos. 143, 253, 254, 258, 263, 264, 270.  If the Court allows Petitioner to bring his

25  claims before a different judge in a collateral proceeding, it would be a waste of judicial

26  resources and would encourage judge shopping.  <u>See</u> <u>Fassler</u>, 858 F.2d at 1018.

27       Therefore, as the Court finds that Petitioner should have pursued available remedies in

28  his pending federal criminal case, but did not do so, the Court finds that a habeas petition is

1    inappropriate in this case.  Thus, the Court must deny Petitioner's habeas petition.

2                                                      **III.**

3                                                  **ORDER**

4          Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a

5    District Judge to the case.

6                                                      **IV.**

7                                    **RECOMMENDATION**

8          IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of habeas corpus be

9    DISMISSED without prejudice.   This Findings and Recommendation is submitted to the

10   assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636

11   (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

12   Eastern District of California.   Within fourteen (14) days after service of the Findings and

13   Recommendation, Petitioner may file written objections with the court and serve a copy on all

14   parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

15   Recommendation."   The assigned United States District Court Judge will then review the

16   Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure

17   to file objections within the specified time may waive the right to appeal the District Court's

18   order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923

19   F.2d 1391, 1394 (9th Cir. 1991)).

20

21   IT IS SO ORDERED.

22   Dated:    **October 7, 2015**

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                                          5